**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gerard Joseph Bean

   v.                                                         Civil No. 07-cv-328-JL

Warden, Northern New Hampshire
Correctional Facility


**O R D E R**

Pro se petitioner Gerard Joseph Bean has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document nos. 8-10).  The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  Also filed is a motion to amend the petition, which is hereby granted (document no. 17).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Bean is entitled to relief.  I therefore order him to amend the petition

to demonstrate exhaustion of each claim before I will direct that the petition be answered.

## Background

On October 13, 2002, Bean was arrested for attempted kidnapping of an eight-year-old girl. Following a mistrial in December 2003, he was re-tried and convicted in April 2004 by the New Hampshire Superior Court (Rockingham County) of attempted kidnapping. He was sentenced to a term of imprisonment and is currently incarcerated at the Northern New Hampshire Correctional Facility ("NCF"). Bean filed a direct appeal of his conviction with the New Hampshire Supreme Court ("NHSC") in which he raised the following claims:

> (1) the trial court's instructions to the jury impermissibly amended the indictment, which was itself insufficient;
>
> (2) the trial court (a) improperly permitted the State to refresh the victim's recollection and (b) improperly admitted hearsay evidence concerning Bean's alleged statements to the victim; and
>
> (3) the trial court erred by failing to grant Bean's motion for a directed verdict when there was insufficient evidence to convict.

See State v. Bean, 153 N.H. 380, 82, 879 A.2d 946, 948 (2006). The NHSC affirmed Bean's conviction on April 25, 2006. See id. at 380, 879 A.2d at 946.

Subsequently, Bean filed a petition for a writ habeas corpus with the New Hampshire Superior Court (Coos County) in which he raised the following requests and claims:

> (1)  request to appoint an investigator to examine the ethics of the child advocacy center on the basis that testimony damaging to his case was elicited through improper suggestive interviewing techniques;
>
> (2)  request to digitally enhance a surveillance video, used to corroborate Bean's alleged criminal behavior, on the basis that a higher resolution video would refute testimony and impeach the credibility of several witnesses;
>
> (3)  request for release from incarceration on the basis of the following broadly-alleged constitutional violations that ostensibly occurred during his criminal trial:
>
>> (a)  perjured testimony;
>> (b)  unlawful detention by police during his arrest;
>> (c)  physical abuse by police;
>> (d)  insufficient indictment;
>> (e)  unfair introduction of evidence;
>> (f)  ineffective assistance of trial counsel;
>> (g)  ineffective assistance of appellate counsel;
>> (h)  prosecutorial misconduct; and
>> (I)  judicial misconduct.

The superior court denied his petition on January 16, 2007. There is no indication that Bean sought further appellate review.

Bean now brings the instant petition, which I liberally construe to allege the following eleven grounds[1] for federal

---

[1] The instant petition does not include a ground raised by Bean in his state court appeal: that the trial court's

habeas corpus relief:

1. violation of the Fourth Amendment right to be free from unreasonable searches and seizures when police officers arrested Bean without probable cause and without a warrant;[2]

2. violation of the Fifth Amendment right to remain silent and <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) (holding that police officers must inform a suspect of his Fifth Amendment privilege against self-incrimination prior to initiating a custodial interrogation) when the arresting police officers failed to inform Bean of his privilege against self-incrimination prior to initiating a custodial interrogation;

3. the trial court erred by (a) improperly permitting the State to refresh the victim's recollection and (b) improperly admitting hearsay evidence concerning Bean's alleged statements to the victim;

4. the trial court erred by failing to appoint an investigator to examine the ethics of the child advocacy center on the basis that testimony damaging to Bean's case was elicited through

---

instructions to the jury impermissibly amended his indictment, which allegedly was insufficient.  To the extent he wishes to raise this ground, he should amend his federal petition accordingly.

[2]In amending his petition, Bean is cautioned that habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to raise the claim in state court.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

        improper suggestive interviewing techniques;

5. denial of the Sixth Amendment right to effective assistance of trial counsel arising from counsel's failure to:

   a. move to suppress testimony and/or false statements made by two police officers;

   b. move to suppress inculpatory statements made by Bean;

   c. interview the victim witness;

   d. adequately cross-examine the victim witness;

   e. move for a court-appointed investigator to question the child victim;

   f. investigate false statements made by the arresting police officers, witnesses and a detective;

   g. raise certain objections at trial;

   h. preserve issues for appeal;

   i. call witnesses, including expert witnesses, at trial;

   j. conduct adequate cross-examinations at trial;

   k. follow-up on Bean's sentence review;

   l. correct false arrest reports in Bean's state and federal criminal records;

   m. investigate and depose certain witnesses who allegedly made false statements;

   n. move for a change of venue in light of the adverse publicity of Bean's criminal proceedings;

>> o.  move to digitally enhance a surveillance video, used to corroborate Bean's alleged criminal behavior, on the basis that a higher resolution video would refute testimony and impeach the credibility of several witnesses; and
>
>> p.  interrogate the jurors with regard to the verdict against Bean.
>
> 6. denial of the Sixth Amendment right to effective assistance of appellate counsel arising from counsel's failure to raise certain issues on direct appeal;
>
> 7. denial of the Sixth Amendment right to a speedy trial when Bean was arrested in October 2002 on a charge of attempted kidnapping but was not indicted for that offense until February 4, 2003;
>
> 8. prosecutorial misconduct arising from the prosecution's use of false and/or perjured testimony and failure to admit into evidence a transcript of the interview conducted by the child advocacy center, which Bean alleges contained exculpatory evidence;
>
> 9. violation of the New Hampshire Rules of Professional Conduct when the prosecution (a) prosecuted a charge not supported by reasonable evidence, (b) failed to ensure that Bean was advised of his rights, (c) failed to timely disclose exculpatory information and evidence and (d) failed to exercise reasonable care with regard to extrajudicial statements;[3]

---

[3] In amending his petition, Bean is cautioned that perceived errors of state law generally are not cognizable under federal habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")

10. violation of the Fourteenth Amendment right to due process when Bean's conviction was obtained by perjured and/or false testimony and statements by certain witnesses, police officers and a detective; and

11. judicial misconduct arising from the trial court's failure to declare a mistrial on the basis that two child witnesses were incompetent to testify.

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I. Custody and Exhaustion

To be eligible for habeas relief, Bean must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is

not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NCF and thus is in custody.  However, Bean fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to

the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Bean raises eleven grounds for federal habeas corpus relief.  As to each ground raised in the petition, there is no indication that he presented the claims and the federal nature of the claims to the NHSC for review.[4]  Accordingly, Bean has failed to demonstrate exhaustion of state remedies as to claims raised in his federal petition.  To demonstrate exhaustion of his claims, he must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular,

---

[4] Although Bean's federal petition includes one claim raised in his state court appeal (alleging trial court error regarding refreshing the victim's recollection and admitting hearsay evidence), he has not identified the federal nature of his claim.

he should provide this Court with a copy of each notice of appeal filed with the NHSC, his habeas corpus petition filed with the superior court and any subsequent appeal.  Bean may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a

collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Because Bean may need to return to the state courts to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance pending his complete exhaustion of state remedies.

## Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Bean an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.

In the event he chooses to exhaust in state court, Bean must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of

state remedies.  The stay will be issued under the following two conditions:

> 1.  Bean is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Bean must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date: February  7, 2008

cc:   Gerard Joseph Bean, pro se