**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gerard Joseph Bean


     v.                                        Civil No. 07-cv-328-JL


Warden, Northern New Hampshire
Correctional Facility


**O R D E R**

Pro se petitioner Gerard Joseph Bean has filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document nos. 17, 20-21).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  Also filed is a motion to amend the petition, which is hereby granted (document no. 20).

For the reasons stated below, Bean is ordered to amend the petition to demonstrate exhaustion of state remedies with regard to Grounds One, Two and Four-Eleven.  He is further ordered to

provide this Court with a copy of the April 10, 2007 appeal to the NHSC and the NHSC's order denying that appeal.

## Background

On October 13, 2002, Bean was arrested for attempted kidnapping of an eight-year-old girl.  Following a mistrial in December 2003, he was re-tried and convicted in April 2004 by the New Hampshire Superior Court (Rockingham County) of attempted kidnapping.  He was sentenced to a term of imprisonment and is currently incarcerated at the Northern New Hampshire Correctional Facility ("NCF").  On March 21, 2005, Bean filed a direct appeal of his conviction with the New Hampshire Supreme Court ("NHSC") in which he raised the following claims:

> (1)  the trial court's instructions to the jury impermissibly amended the indictment, which was itself insufficient;
>
> (2)  the trial court violated federal law (a) by improperly permitting the State to refresh the victim's recollection and (b) by improperly admitting hearsay evidence concerning Bean's alleged statements to the victim, all of which resulted in prejudice to Bean (citing United States v. Weller, 238 F.3d 1215, 1221 (10th Cir. 2001)); and
>
> (3)  the trial court erred by failing to grant Bean's motion for a directed verdict when there was insufficient evidence to convict.

See State v. Bean, 153 N.H. 380, 82, 879 A.2d 946, 948 (2006).

The NHSC affirmed Bean's conviction on April 25, 2006.  See id.
at 380, 879 A.2d at 946.

On September 20, 2006, Bean filed a petition for a writ
habeas corpus with the New Hampshire Superior Court (Coos County)
in which he raised the following requests and claims:

> (1)  request to appoint an investigator to examine the
> ethics of the child advocacy center on the basis that
> testimony damaging to his case was elicited through
> improper suggestive interviewing techniques;
>
> (2)  request to digitally enhance a surveillance video,
> used to corroborate Bean's alleged criminal behavior,
> on the basis that a higher resolution video would
> refute testimony and impeach the credibility of several
> witnesses;
>
> (3)  request for release from incarceration on the
> basis of the following broadly-alleged violations that
> ostensibly occurred during his criminal trial:
>
>> (a)  perjured testimony;
>> (b)  unlawful detention by police during his arrest;
>> (c)  physical abuse by police;
>> (d)  insufficient indictment;
>> (e)  unfair introduction of evidence;
>> (f)  ineffective assistance of trial counsel;
>> (g)  ineffective assistance of appellate counsel;
>> (h)  prosecutorial misconduct; and
>> (I)  judicial misconduct.

The superior court denied the petition on January 16, 2007.

Bean now alleges that on April 10, 2007, he filed a notice
of appeal with the NHSC.  Because he did not have a copy of the
habeas petition previously filed with the New Hampshire Superior

3

Court (Coos County), he requested the NHSC to obtain a copy.  On
May 11, 2007, the NHSC ordered the superior court to transfer to
the NHSC a copy of Bean's habeas petition and the superior
court's order denying the petition.  Bean has not provided this
Court with a copy of that appeal, therefore, the record is silent
as to the precise claims raised and the federal nature, if any,
of those claims.  The only existing record is the superior
court's order of January 16, 2007, which indicates that Bean had
failed to adequately plead or raise a constitutional claim.  The
NHSC allegedly denied the appeal on August 16, 2007.

Bean filed the instant petition on October 9, 2007, which I
liberally construe to allege the following eleven grounds for
federal habeas corpus relief:

1.    violation of the Fourth Amendment right to be free
      from unreasonable searches and seizures when
      police officers arrested Bean without probable
      cause and without a warrant (Ground One);[1]

2.    violation of the Fifth Amendment right to remain

---

[1]In amending his petition, Bean is cautioned that habeas
corpus relief is not available on a Fourth Amendment claim where
the petitioner had a full and fair opportunity to raise the claim
in state court.  See Stone v. Powell, 428 U.S. 465, 494 (1976)
("[W]here the State has provided an opportunity for full and fair
litigation of a Fourth Amendment claim, a state prisoner may not
be granted federal habeas corpus relief on the ground that
evidence obtained in an unconstitutional search or seizure was
introduced at his trial.").

silent and <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966)
(holding that police officers must inform a
suspect of his Fifth Amendment privilege against
self-incrimination prior to initiating a custodial
interrogation) when the arresting police officers
failed to inform Bean of his privilege against
self-incrimination prior to initiating a custodial
interrogation (Ground Two);

3.  the trial court violated federal law (a) by
improperly permitting the State to refresh the
victim's recollection and (b) by improperly
admitting hearsay evidence concerning Bean's
alleged statements to the victim all of which
resulted in prejudice to Bean (Ground Three);

4.  the trial court erred by failing to appoint an
investigator to examine the ethics of the child
advocacy center on the basis that testimony
damaging to Bean's case was elicited through
improper suggestive interviewing techniques
(Ground Four);

5.  denial of the Sixth Amendment right to effective
assistance of trial counsel arising from counsel's
failure to:

a.  move to suppress testimony and/or false
statements made by two police officers;

b.  move to suppress inculpatory statements made
by Bean;

c.  interview the victim witness;

d.  adequately cross-examine the victim witness;

e.  move for a court-appointed investigator to
question the child victim;

f.  investigate false statements made by the
arresting police officers, witnesses and a

       detective;

g.   raise certain objections at trial;

h.   preserve issues for appeal;

i.   call witnesses, including expert witnesses, at trial;

j.   conduct adequate cross-examinations at trial;

k.   follow-up on Bean's sentence review;

l.   correct false arrest reports in Bean's state and federal criminal records;

m.   investigate and depose certain witnesses who allegedly made false statements;

n.   move for a change of venue in light of the adverse publicity of Bean's criminal proceedings;

o.   move to digitally enhance a surveillance video, used to corroborate Bean's alleged criminal behavior, on the basis that a higher resolution video would refute testimony and impeach the credibility of several witnesses; and

p.   interrogate the jurors with regard to the verdict against Bean (Ground Five).

6.   denial of the Sixth Amendment right to effective assistance of appellate counsel arising from counsel's failure to raise certain issues on direct appeal (Ground Six);

7.   denial of the Sixth Amendment right to a speedy trial when Bean was arrested in October 2002 on a charge of attempted kidnapping but was not indicted for that offense until February 4, 2003 (Ground Seven);

8.  prosecutorial misconduct arising from the prosecution's use of false and/or perjured testimony and failure to admit into evidence a transcript of the interview conducted by the child advocacy center, which Bean alleges contained exculpatory evidence (Ground Eight);

9.  violation of the New Hampshire Rules of Professional Conduct when the prosecution (a) prosecuted a charge not supported by reasonable evidence, (b) failed to ensure that Bean was advised of his rights, (c) failed to timely disclose exculpatory information and evidence and (d) failed to exercise reasonable care with regard to extrajudicial statements (Ground Nine);[2]

10. violation of the Fourteenth Amendment right to due process when Bean's conviction was obtained by perjured and/or false testimony and statements by certain witnesses, police officers and a detective (Ground Ten); and

11. judicial misconduct arising from the trial court's failure to declare a mistrial on the basis that two child witnesses were incompetent to testify (Ground Eleven).

### Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106

---

[2]With regard to Grounds Four, Seven and Eleven, Bean is cautioned that perceived errors of state law generally are not cognizable under federal habeas review.  See Pulley v. Harris, 465 U.S. 37, 41  (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")  Accordingly, in amending his petition, he should identify the federal nature of his claims.

(1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.   Custody and Exhaustion

        To be eligible for habeas relief, Bean must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NCF and thus is in custody.  However, Bean fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim raised in the petition.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Bean raises eleven grounds for federal habeas corpus relief.  Ground Three appears to be exhausted for purposes of preliminary review.  As to the

remaining grounds, however, there is no indication that Bean
presented the claims and the federal nature of the claims to the
NHSC for review.  To demonstrate exhaustion of those claims, he
must provide this Court with copies of any relevant motions,
petitions, notices of appeal, briefs and orders and/or final
judgments pertaining to his state court proceedings.  See Smith
v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which
would enable a federal court to determine whether the grounds
supporting the habeas petition had been presented for review in
the state courts).  **In particular, he should provide a copy of
the notice of appeal filed with the NHSC on April 10, 2007 and a
copy of the NHSC's August 16, 2007 order denying the appeal**.  As
explained in my previous order, Bean may need to return to the
state courts to fully present his unexhausted claims and the
federal nature of each claim before he can make the required
amendment to his federal petition.

### Conclusion

For the reasons stated above, I will allow Bean an
opportunity to amend his petition to demonstrate exhaustion of
state remedies with regard to Grounds One, Two and Four-Eleven of
the petition.  If the claims have not been exhausted, he is

ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.  In the event he chooses to exhaust in state court, the proceedings will be stayed and the petition held in abeyance in accordance with the conditions set forth in my order of February 7, 2008.

       **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 1, 2008

cc:   Gerard Joseph Bean, pro se

11