**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gerard Joseph Bean


      v.                                Civil No. 07-cv-328-JL

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**


Gerard Bean's petition for a writ of habeas corpus (document nos. 8-10, 17, 20, 21, 28 & 46)[1] is presently before the Court for preliminary review to determine whether it is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; see also United States District Court District of New Hampshire Local Rule ("LR")

---

[1] Bean filed his original petition on November 29, 2007 (document no. 8).  Bean filed addenda to the petition on December 7, 2007 (document no. 9), December 10, 2007 (document no. 10), February 5, 2008 (document no. 17), March 4, 2008 (document no. 20), March 20, 2008 (document no. 21), and June 23, 2008 (document no. 28).  This Court also requested documents regarding exhaustion of Bean's claims directly from the New Hampshire Supreme Court.  Those documents have been received and docketed in this matter (document no. 46).  All of these pleadings and documents will be considered, in the aggregate, to constitute the habeas petition in this matter.

4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether

2

the complaint, construed liberally, <u>Erickson</u>, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  <u>Id.</u> (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 1950 (citation omitted).

<u>Background</u>

Gerard Bean was convicted of attempted kidnapping in April 2004 and sentenced on June 10, 2004 to 10-30 years in prison. Bean appealed his conviction, which was affirmed by the New Hampshire Supreme Court ("NHSC") on April 25, 2006.  Bean filed a petition for a writ of habeas corpus in the Coos County Superior Court which was denied on January 17, 2007.  Bean appealed that

3

loss to the NHSC.  The NHSC declined his appeal on August 16,

2007.  Bean then filed his federal habeas action in this Court.

On February 7, 2008, this Court ordered Bean to amend his

petition to demonstrate that all of his claims had been exhausted

in the state courts (document no. 18).  On August 18, 2008, this

Court granted Bean's motion to stay this action (document no. 31)

to allow him to return to the state courts to exhaust his

unexhausted claims.  Bean now returns to this Court, the Court

having granted his motion to reopen his case (document no. 43),

to have his petition considered.

The Claims

In my February 7, 2008 Order, I listed eleven claims that

appeared to be the claims intended by Bean in his petition.

Since that time, the record has been expanded by additional

filings.  Accordingly, I have adjusted my assessment of the

claims raised in the petition to include all of the information

before the Court and find that the following claims have been

raised in Bean's petition[2]:

    1.    Bean's Fourth Amendment right to be free from an

---

[2]The claims as identified in this Report and Recommendation
will be considered to be the claims raised in Bean's petition for
all purposes.  If Bean disagrees with the claims as identified,
he must do so by properly objecting to this Report and
Recommendation or moving to amend his petition.

4

unlawful seizure of his person was violated when he was
    stopped, detained, and subsequently arrested by police
    officers without probable cause and without a warrant;

2.  Bean's Fifth Amendment right against self-incrimination
    was violated when statements he made prior to being
    advised of his right to remain silent and other rights
    secured by Miranda v. Arizona, 384 U.S. 436 (1966),
    were admitted in evidence against him at trial;[3]

3.  Bean's rights to due process and a fair trial,
guaranteed by the Sixth and Fourteenth Amendments, were
    violated when the trial court:

    a.  improperly permitted the prosecution to refresh
        the victim's recollection; and

    b.  improperly admitted hearsay evidence at trial
        concerning Bean's alleged statements to the
    victim;

4.  Bean's right to confront the witnesses and evidence
    against him, guaranteed by the Sixth Amendment, was
    violated when the trial court failed to allow Bean
    access to an investigator or other expert to examine
    and testify regarding improper and suggestive interview
    techniques used to interview the child victim;

5.  Bean's right to the effective assistance of counsel,
    guaranteed by the Sixth Amendment, was violated when

---

[3]In Bean's pleadings, he has often characterized this claim
as asserting a violation of a right not to be questioned without
having first been advised of his right to remain silent.  In
fact, Miranda does not protect individuals from being questioned
in absence of being advised of their rights, but from being
forced to incriminate themselves in court by having those
statements admitted in evidence against them.  See Miranda, 384
U.S. at 444.

his trial counsel:

a.    failed to move to exclude certain testimony at
      trial;

b.    failed to move to suppress inculpatory statements
      made by Bean;

c.    failed to interview the victim;

d.    failed to adequately cross-examine the victim;

e.    failed to seek funds for an investigator to
interview the victim;

f.    failed to investigate the accuracy of statements
      made by the police and other witnesses;

g.    failed to raise certain objections at trial;

h.    failed to preserve certain issues for appeal;

i.    failed to call any witnesses, including expert
      witnesses, at trial;

j.    failed to conduct adequate cross-examination of
      the trial witnesses;

k.    failed to follow up on Bean's sentence review;

l.    failed to act to correct the erroneous criminal
      arrest record relied upon by the prosecution at
      arraignment to obtain a high bail;

m.    failed to investigate and/or depose certain
witnesses;

n.    failed to move for a change of venue in light of
      the adverse publicity Bean's case received;

o.    failed to move to digitally enhance a video that,
      if enhanced, would have contained exculpatory

6

evidence; and

    p.   failed to question the jurors after Bean's conviction;

6.  Bean's Sixth Amendment right to the effective assistance of appellate counsel was violated when his appellate attorney failed to raise and brief certain issues in Bean's direct appeal;

7.  Bean's Sixth Amendment right to a speedy trial was violated when he was arrested in October 13, 2002 for attempted kidnapping, but not indicted for that offense until February 4, 2003;

8.  Bean's rights to due process and a fair trial, guaranteed by the Sixth and Fourteenth Amendments, were violated when the prosecutor engaged in misconduct by:

    a.   presenting false and/or perjured testimony at trial; and

    b.   failing to introduce certain exculpatory evidence at trial;

9.  The prosecutor in Bean's case violated the New Hampshire Rules of Professional Conduct prior to and during Bean's trial;

10.  Bean's rights to due process and a fair trial, guaranteed by the Sixth and Fourteenth Amendments, were violated when he was convicted based on perjured and/or false testimony; and

11.  Bean's rights to due process and a fair trial, guaranteed by the Sixth and Fourteenth Amendments, were violated when the trial judge failed to declare a mistrial after two child witnesses were deemed incompetent to testify.

<u>Discussion</u>

7

I.   Fourth Amendment Claim (Claim #1)

Bean alleges that his Fourth Amendment rights were violated when he was detained and then arrested by the police without probable cause.  Where State courts have provided an opportunity for full and fair litigation of a Fourth Amendment claim, a petitioner cannot obtain federal habeas corpus relief on the grounds that the evidence obtained as a result of an unconstitutional search or seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 482 (1976); Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("a federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims").

"[A] full and fair opportunity to litigate" means that the state has provided the defendant in a state criminal matter with procedures "suitably crafted to test for possible Fourth Amendment violations." Id. at 9.  If such a procedure exists, whether or not the criminal defendant avails himself of that procedure, habeas review is precluded.  Id. (citing Caver v. Alabama, 577 F.2d 1188, 1992 (5th Cir. 1978)).  Where, as here, an attorney is alleged to have failed to file a motion to suppress, Stone does not bar habeas review of a claim of ineffective assistance of counsel based on that failure.  See

8

<u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375-77 (1986).[4]  Such an allegation, however, does not give rise to a federal habeas claim grounded independently in the Fourth Amendment.  See <u>id.</u> at 382 ("Although a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like Respondent's, a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief").  Nothing in the record suggests that the state or the courts did anything to deny Bean or his attorney the opportunity to litigate the Fourth Amendment claim.  See <u>Sanna</u>, 265 F.3d at 8.  Bean alleges only that his attorney chose not to avail himself of that opportunity, a decision with which Bean disagreed.

"[T]here is an exception [to the <u>Stone</u> rule] for instances in which a habeas petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." <u>Sanna</u>, 265 F.3d at 8.  In addition, a narrow exception exists for rare cases involving an egregious, unconscionable, "irretrievable breakdown" of the state court processes.  <u>Id.</u> at 9.  The petitioner bears the burden of proving that his or her

---

[4]Bean's petition in fact includes a claim alleging that he received ineffective assistance of counsel when his attorney failed to file a motion to suppress evidence obtained as a result of his allegedly unconstitutional seizure by police.

case fits within the contours of these exceptions to the <u>Stone</u> rule.  <u>See</u> <u>id.</u> at 10.  Bean has alleged no facts suggesting that any exception to the <u>Stone</u> rule applies in his case.  Bean's Fourth Amendment claim, enumerated as Claim #1 above, is not cognizable in a § 2254 petition, and, accordingly, I recommend that it be dismissed.

II.  <u>Professional Misconduct Claim (Claim # 9)</u>

The professional conduct of attorneys in New Hampshire is regulated by the New Hampshire Supreme Court through the New Hampshire Rules of Professional Conduct.  <u>See</u> <u>Copp v. Atwood</u>, No. Civ. 03-288-JD, 2005 WL 139180, *6 (D.N.H. Jan. 24, 2005).  Those rules, however, do not provide the basis for a private cause of action by individuals alleging that they were wronged by attorney misconduct.  <u>See</u> <u>id.</u> (citing <u>Wong v. Ekberg</u>, 148 N.H. 369, 375, 807 A.2d 1266, 1271 (2002)).  Accordingly, a violation of the rules of professional conduct cannot be the basis for a federal habeas action, as it neither alleges a violation of federal law, <u>see</u> 28 U.S.C. § 2254(a) (habeas relief available for persons in custody in violation of the federal law, constitution, or treaties), nor gives rise to a private right of action against

the attorney.  I recommend that Bean's Claim #9 be dismissed on

that basis.

III. <u>Exhaustion</u>

To be eligible for habeas relief on his cognizable claims, Bean must show, for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). Bean's imprisonment pursuant to the sentence imposed on his challenged conviction satisfies the custody requirement. Exhaustion, however, remains at issue.

Bean has previously been ordered to amend his petition to demonstrate that each of his habeas claims, including the federal nature of those claims, has been exhausted in the state courts. In response to that Order, Bean returned to the state courts to litigate his federal habeas claims in a state habeas petition. When his petition was denied, Bean appealed to the NHSC.  This

Court has now obtained the documents filed by Bean in pursuit of

that appeal (document no. 46).[5]

As previously explained to Bean, a petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically

---

[5]Bean notified the Court that he had made numerous attempts to retrieve these documents, but that he was unable to do so because he had no money in his inmate account to pay for copies. For the sake of expedience, the Court sought the copies of Bean's documents directly from the NHSC.  As these documents have been electronically docketed in this matter, the paper copies obtained from the NHSC will be forwarded to Bean, as it does not appear that he presently possesses copies of the documents.

protected in the federal constitution.'" <u>Dutil v. Murphy</u>, 550
F.3d 154, 158 (1st Cir. 2008) (citation omitted), <u>cert. denied</u>,
___ U.S. ___, 129 S. Ct. 2064 (2009); <u>cf.</u> <u>Martens v. Shannon</u>, 836
F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying
state claim, which might support either state or federal claim,
is inadequate to constitute fair presentation of federal claim to
state court).  In some circumstances, a petitioner can prove that
he has exhausted a federal issue by showing that he cited state
court decisions that rely on federal law, or he articulated a
state claim that is indistinguishable from one arising under
federal law.  <u>See</u> <u>Nadworny v. Fair</u>, 872 F.3d 1093, 1099-1102 (1st
Cir. 1989).  The petitioner has the burden of demonstrating that
the state and federal claims are so similar that asserting only
the state claim probably alerted the state court to the federal
aspect of the claim.  <u>See</u> <u>id.</u> at 1100.

Bean has demonstrated exhaustion of his claims numbered 2-
8,[6] and 10.[7]  Bean has not, however, demonstrated that his claim

---

[6]Claim #5 lists 16 separate ineffective assistance of
counsel claims, identified as (a) through (p).  I find that Bean
has demonstrated exhaustion of each of the sixteen claims, as,
along with his assertion of his Sixth Amendment right to the
effective assistance of counsel, he has complained specifically
to the NHSC of each of the acts of ineffective assistance
complained of here.  I find that a reasonable jurist considering
Bean's filings in the NHSC as a whole "would have been alerted to
the existence of the federal question" raised in each of the

#11, alleging judicial misconduct for failing to declare a mistrial, has been exhausted.  None of the documents obtained from the NHSC or otherwise provided by Bean contain any indication that his federal claim regarding the failure to grant a mistrial has ever been presented to the NHSC for consideration.

Bean's petition, therefore, presently contains both exhausted and unexhausted federal claims.  If Bean were to press the petition while it contains an unexhausted claim, the Court would be forced to dismiss the entire petition.  See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)).  Bean, however, has the option to forego his presently unexhausted claim by amending his complaint to remove that claim altogether.[8]

IV.  Stay

Bean was directed to return to the state courts to exhaust

---

individual claims.  Clements, 485 F.3d at 162 (internal quotations and citation omitted).

[7]If my recommendation to dismiss claims #1 and #9 is approved, the status of exhaustion of those claims is of no consequence.

[8]If petitioner chooses to forego his unexhausted claim, he will likely be unable to raise that claim in a future habeas action, due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244.

14

each of his claims almost two years ago.  Since then, Bean has exhausted all but one of the cognizable habeas claims raised in his petition in the state courts.  Bean's petition is therefore mixed.  A mixed petition may be stayed to allow exhaustion in the state courts where petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).  I cannot find that, after two years and ample opportunity to exhaust his claims in the state court, that there is good cause for his failure to exhaust claim #11. Accordingly, I find that it is inadvisable for the Court to further stay this matter.  Instead, in an Order issued simultaneously with this Report and Recommendation, I will direct Bean to notify this Court in writing, within thirty days of the date of this Order whether he wishes to proceed with his petition unchanged, understanding that to do so will result in my recommendation that this matter be dismissed, or whether he would like to forego his presently unexhausted claim.

<u>Conclusion</u>

For the foregoing reasons, I recommend that Bean's claims

15

numbered 1 and 9 above be dismissed as they fail to state claims
cognizable in a federal habeas action.  Any objections to this
report and recommendation must be filed within fourteen (14) days
of receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11,
13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d
4, 6 (1st Cir. 1986).


                              James R. Muirhead
                              United States Magistrate Judge

Date:       February 3, 2010

cc:         Gerard Joseph Bean, pro se


JM:jba