UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Gerard Joseph Bean

      v.                      Civil No. 07-cv-328-JL

                              **NOT FOR PUBLICATION OR**

Northern New Hampshire               **DISTRIBUTION**
Correctional Facility, Warden


**O R D E R**


The parties to this § 2254 litigation appear to be unable, or unwilling, to assist the court in resolving the claims at bar.[1]  In its April 13, 2011 Order following the last summary judgment hearing (document no. 103), the court ordered further briefing on Claim ## 2 (pending portions), 5 and 6 as identified in Judge Muirhead's Report and Recommendation dated February 3, 2010 (document no. 48).

Petitioner Bean was ordered to "file a brief addressing the pre-arrest and post-arrest statements to the police" implicated in Claim # 2 (document no. 103).  His brief (document no. 116), provides the court with no helpful factual analysis, applicable authority, or coherent argumentation, and is exceedingly difficult to read, follow, and understand.

---

[1]The court only reluctantly makes this observation, as it holds counsel of record and her office in very high regard.

For his part, the Warden was ordered to file a brief that:

- "shall not include citations to the record, but rather shall <u>include</u> <u>as</u> <u>exhibits</u> <u>any</u> <u>portion</u> <u>of</u> <u>the</u> <u>record</u> <u>cited</u> in the brief" (emphasis added);

- "shall identify the applicable standard of review"; and

- "identify all points in the state court where each claim is addressed."

(Document no. 103).  The Warden's supplemental motion for summary judgment and accompanying Memorandum of Law (document no. 112) do not comply with the order.  The brief contains many record citations (as opposed to exhibits, as ordered), very few exhibits, and recycles weak, specious, easily refutable arguments regarding exhaustion and procedural default-based waiver, and the following explanation or disclaimer:

> "The respondent has attempted to locate all the places where all the issues recognized by this court as compromising the petition were raised, but because of the length of some of the documents and their detailed, yet scattered content, the respondent is not sure each issue has been exactly located.  As a result, the respondent has, at times, relied on the documents attached to document no. 46, in an attempt to address the claims recognized by this Court.  The respondent apologizes to the Court to the extent that this creates confusion."

<u>Respondent's Supplemental Memorandum of Law in Support of Motion</u> <u>for Summary Judgment</u> (May 12, 2011) (document no. 112).  While the court accepts the apology, it finds itself at a loss to

address the claims at bar without meaningful assistance from the parties or counsel.

It is the Warden's burden as the movant, after all, to eliminate the existence of any genuine issue of material fact in order to prevail on a motion for summary judgment. Throwing up one's hands in the face of a voluminous, detailed record and the "scattered" arguments of a pro se petitioner, while understandable at some level, is of little help to the court in addressing the claims.

The court cannot act as either party's lawyer. At the very least, the other party could legitimately complain, and it would not be appropriate for a judge to review the sufficiency of legal arguments it has itself posited. Besides, the court has more than enough to do considering and deciding the legal matters properly presented in scores of other cases. In short, the court cannot assume the role of adviser, advocate, or legal counsel to any of the parties. See, e.g., Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998) ("it is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted), cert. denied, 525 U.S. 1114 (1999). See also Higgins v. New Balance Athletic Shoe, Inc., 194 F3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments

3

that are not adequately developed."). United States v. Torres-
Rosa, 209 F.3d 4, 6 (1st Cir. 2000) (concluding that it is not
the court's obligation "to do counsel's homework.").

Counsel is no doubt busy and anxious to practice in as
efficient a manner as possible, but shifting research, record-
combing, and briefing responsibilities to the court is not a
viable option.  As then Judge Scalia observed while sitting on
the Court of Appeals for the District of Columbia,

> The premise of our adversarial system is that appellate
> courts do not sit as self-directed boards of legal
> inquiry and research, but essentially as arbiters of
> legal questions presented and argued by the parties
> before them.  Thus, Rule 28(a)(4) of the Federal Rules
> of Appellate Procedure requires that the appellant's
> brief contain "the contentions of the appellant with
> respect to the issues presented, and the reasons
> therefor, with citations to the authorities, statutes
> and parts of the record relied on."  Failure to enforce
> this requirement will ultimately deprive us in
> substantial measure of that assistance of counsel which
> the system assumes - a deficiency that we can perhaps
> supply by other means, but not without altering the
> character of our institution. . . . [W]here counsel has
> made no attempt to address the issue, we will not
> remedy the defect, especially where, as here,
> "important questions of far-reaching significance" are
> involved.

Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983) (citations
omitted).  The same principles apply with equal force at the
district court level, though it's doubtful that important
questions of far-reaching significance are involved in this case.
But, absent informative briefing it is difficult to tell with any

degree of certainty. Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F.Supp. 693, 726 (S.D.N.Y. 1996) ("It is not the job of this, or any other, court to construct arguments or to ferret out evidentiary support on behalf of a party.").

This stated, the court has repeatedly and painstakingly scrutinized the trial and post trial record in this case, as well as the parties' filings in this court. The court can identify no violation of the petitioner's constitutional rights under even the most Rigorous de novo standard of review. Further, any constitutional violations that could be gleaned from the record were undoubtedly harmless in light of the overwhelming evidence against the petitioner. The motion for summary judgment[2] is therefor granted as to the remaining unresolved claims referenced in the first paragraph of this order. The petition is denied.

All other pending motions[3] are denied as moot. Because Bean has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Rule 11, Federal Rules Governing Habeas Corpus Cases Under Section 2254; First

---

[2]Document no. 112.

[3]Document nos. 106 and 107.

Cir. LR 22.0.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED**.

_____
Joseph N. Laplante
United States District Judge

Dated: March 30, 2012

cc:  Gerard Joseph Bean, pro se
     Elizabeth C. Woodcock, Esq.